UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **FEDERICO TORRES, Individually and as representative and ANF of R.T., Deceased Minor; et al.,**<br><br>*Plaintiffs,*<br><br>**V.**<br><br>**CITY OF UVALDE, et al.,**<br><br>*Defendants.* | Case No. 2:23-cv-00032 |

## PLAINTIFFS' MOTION OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(2)

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs FEDERICO TORRES, Individually and as Representative and ANF of R.T., Deceased Minor; Et. al., hereby request the Court that this action is voluntarily dismissed without prejudice against Defendants Uvalde Police Officers Mariano Pargas, Javier Martinez, Eduardo Canales, Daniel Cornado, Donald Page, Louis Landry, and Justin Mendoza's and respectfully show the following:

On July 18, 2023, Defendants filed their motion to dismiss in this case. [Doc. 8.]. Plaintiffs conferred with Defendant's counsel on July 28, 2023, who agreed to an extension date to respond to Defendant's motion. Plaintiffs thereafter submitted their motion to the Court for an extension of time to file response and extension until August 31, 2023, and Defendants' reply due on September 7, 2023. [Doc19]. Plaintiffs here now respectfully file their Motion of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) and request dismissal of this

1

action against Defendants by court order.

## FEDERAL RULE 41(A)(2)

The Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. FED. R. CIV. P. 41(a)(2). If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. *Id.* Unless the order states otherwise, a dismissal under this provision is without prejudice. *Id.* There is no single formula for balancing a court's discretion when analyzing a motion to voluntarily dismiss a lawsuit; a district court may consider whether the suit is still in the pretrial stages, whether the parties have filed numerous pleadings and memoranda, have attended conferences, and whether prior court determinations were adverse to the plaintiff, or whether hearings have been held, whether any defendants have been dismissed on summary judgment, and whether the parties have undertaken significant discovery. *Oxford v. Williams Companies*, Inc., E.D.Tex.2001, 154 F.Supp.2d 942. Rule 41(a)(2) thus allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party. A district court may attach conditions to the dismissal to prevent such prejudice. *See Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1274 (5th Cir.1990); *Radiant Technology Corp. v. Electrovert USA Corp.,* 122 F.R.D. 201, 202 (N.D.Tex.1988). The mere prospect of a second lawsuit of the fact that plaintiff may obtain some tactical advantages are insufficient to establish legal prejudice. *See Reed v. Falcon Drilling Co., Inc.,* No. 99–0927, 2000 WL 222852, at *1, 2000 U.S. Dist. LEXIS 1981, at *2 (5th Cir. Feb. 18, 2000).

## DISMISSAL IS PROPER

In this matter, litigation is still in the very beginning pretrial stages and no Defendant has filed an answer or Motion for Summary Judgment. On July 18, 2023, Defendants Uvalde Police Officers Mariano Pargas, Javier Martinez, Eduardo Canales, Daniel Cornado, Donald Page, Louis Landry, and Justin Mendoza collectively filed their motion to dismiss in this case. [Doc. 8.]. Plaintiffs, in an attempt to voluntarily dismiss the case without prejudice, conferenced with Defendant's counsel, who would *only* agree to a dismissal with prejudice, against plaintiffs' desire to dismiss without prejudice.

Plaintiffs' intention is to request dismissal in this matter and refile in Texas state court including only state tort claims. While Plaintiffs' counsel does not believe Defendant's motion to dismiss has merit, granting a dismissal without prejudice would be proper because the Defendants would obtain a dismissal in this matter and plaintiffs simply request for the dismissal to be without prejudice and preserve the plaintiffs their right to undertake suit should information arise providing plaintiffs a remedy. Due to the notoriety of the Uvalde shooting and its events, this case involves sealed evidence, changes in legislature and law, and the Plaintiffs have not had the opportunity for a full discovery of facts, and proper opportunity to develop Plaintiff's case. Defendants will again be afforded the opportunity to respond to any motions Plaintiffs offer in state court, and Plaintiffs would not refile the case if Plaintiffs do not believe there is a basis to survive Defendant's motions. Again, this litigation is still in its infancy. State law also requires that Plaintiffs choose whether to file against the governmental entities or individual defendants. Therefore, refiling against these defendants absent evidence not currently available is highly unlikely.

Accordingly, Plaintiffs respectfully request a court order of voluntary dismissal of this action, without prejudice. *See* Fed. R. Civ. P. 41 (a)(2). If the court should not grant Plaintiffs' dismissal without prejudice, then Plaintiffs would respectfully request the opportunity to respond to Defendant's responsive motion to dismiss.

Dated August 29, 2023

Respectfully submitted,

**WILLIAMS ATTORNEYS, PLLC**

By: */s/ Justin L. Williams*
JUSTIN L. WILLIAMS
SBN: 21555800
500 N. Water Street, Suite 500
Corpus Christi, TX 78401
Telephone: (361) 885-0184
Facsimile: (361) 885.0309
Service Email: service@williamstrial.com

**ATTORNEY FOR PLAINTIFFS**