FILED

MAR 27 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| FEDERICO TORRES, et al., | § | |
| Plaintiffs, | § | |
| | § | Case No. DR-23-CV-32-AM |
| v. | § | |
| | § | |
| THE CITY OF UVALDE, et al. | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Presently pending before the Court are two motions for voluntary dismissal, filed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The first motion was filed on August 29, 2023, by Attorney Justin Williams, on behalf of all the Plaintiffs. (ECF No. 24.) The second was filed by Attorney David Anderson on October 23, 2023, on behalf of only Plaintiffs Reyes, Torres, Rubio, Ruiz, Rodriguez, Moreno, Gaitan, and Arriola. (ECF No. 31.) After considering the motions, the Court hereby **GRANTS** Williams's motion and **DENIES** Anderson's motion as moot.

## I. PROCEDURAL HISTORY

Before discussing the merits of the motions for voluntary dismissal, a brief review of the procedural history in this case is necessary. On June 15, 2023, the Plaintiffs, represented by Attorney Justin Williams, filed suit against numerous defendants after a school shooting in Uvalde, Texas, bringing claims under 42 U.S.C. § 1983 and claims under the Texas Tort Claims Act ("TTCA").

Shortly after, the Plaintiffs filed an amended complaint on June 20, 2023. (ECF No. 3.) Without filing an answer, Defendant Mandy Gutierrez filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) Also without filing

an answer, Defendants Canales, Martinez, Coronado, Landry, Page, Mendoza, and Pargas ("the Officer Defendants"), all officers of the Uvalde Police Department, likewise filed a motion to dismiss the claims against them pursuant to Rules 12(b)(1) and 12(b)(6).  (ECF No. 8.)

On July 21, 2023, Williams filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, dismissing the claims against all the Defendants who had yet to make an appearance in this case.  (ECF No. 13.)  Shortly after, Williams filed a Corrected Stipulation of Dismissal of Mandy Gutierrez, without prejudice.  (ECF No. 16.)  He also filed an opposed Motion for Voluntary Dismissal, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, asking the Court to dismiss the claims against the Officer Defendants without prejudice. (ECF No. 24.)

On the same day that Anderson filed the motion for voluntary dismissal, Attorney David Anderson filed a Notice of Appearance and Motion to Substitute Counsel, seeking to represent Plaintiffs Reyes, Torres, Rubio, Ruiz, and Rodriguez (the "Anderson Plaintiffs") and terminate the services of Williams. (ECF No. 22.)  On September 20, 2023, the Court granted Anderson's motion to substitute counsel.  That same day, Anderson filed his own Rule 41(a)(2) Motion to Voluntarily Dismiss Defendants Without Prejudice.  (ECF No. 31.)  Confusingly, this motion was filed on behalf of the Anderson Plaintiffs, *as well as* Plaintiffs Moreno, Gaitan, and Arriola.

## II. ANALYSIS

### A. Notice of Voluntary Dismissal (ECF No. 13) and Stipulated Dismissal (ECF No. 16)

Despite this somewhat confusing procedural history, no one disputes that most of the Defendants have now effectively been dismissed from this case.  Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure states that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

Because no opposing party has served an answer or motion for summary judgment, Williams's Notice of Voluntary Dismissal (ECF No. 13) complied with Rule 41(a)(1)(A)(i). The parties' Joint Stipulation of Dismissal of Mandy Gutierrez (ECF No. 16), signed by counsel for the Plaintiffs and Gutierrez, complied with Rule 41(a)(1)(A)(ii). Therefore, the claims against the Defendants City of Uvalde, Uvalde CISD, Uvalde County, Arredondo, Gonzalez, Suarez, Zamora, Field, TDPS, Betancourt, Maldonado, Kindell, Elizondo, Hernandez, Does 1-123, and Gutierrez must be dismissed without prejudice. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (dismissal is effective immediately upon filing of a Rule 41(a)(1) notice or stipulation).

## B. Williams's Motion for Voluntary Dismissal (ECF No. 24)

Williams's motion for voluntary dismissal is governed by Rule 41(a)(2), which states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R. Civ. P. 41(a)(2).

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Therefore, "faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.* "If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.; see also Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). "If the district court concludes that granting the

motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaor*, 279 F.3d at 317-18. Recognized examples of prejudice include "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort," *see Davis v. Huskipower Outdoor Equip. Corp*, 936 F.2d 193, 199 (5th Cir. 1991), or when a party moves to dismiss to "seek to avoid an imminent adverse ruling," *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162–63 (5th Cir. 2010).

After considering Williams's motion, the Court concludes that the claims against the Officer Defendants should be dismissed without prejudice and without any imposed conditions. The Officer Defendants have shown no legal prejudice other than the mere prospect of a second lawsuit. Namely, this case is in its nascent stage with no evidence of any abuse by the Plaintiffs. The Plaintiffs in fact filed the motion to dismiss before any party filed an answer or motion for summary judgment. Therefore, they could have filed a voluntary notice of dismissal pursuant to Rule 41(a)(1), which would have resulted in an immediate dismissal of the Plaintiffs' claims without prejudice. *See id; see also Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (the filing of a motion to dismiss does not impede a plaintiff's ability to voluntarily dismiss a case under Rule 41(a)(1)).

Pointing to section 101.106(f) of the TTCA, the Officer Defendants argue that the Court should at least dismiss the TTCA claims with prejudice because they are immune from suit. Chapter 101.106 of the TTCA provides a complex system of election of remedies under the TTCA. Section 101.106(f) provides: "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the

employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." Tex. Bus. & Com. Code § 101.106(f).  Section 101.106(e), however, states that when a suit is filed "against both a governmental unit and any of its employees, the employees shall immediately be dismissed *on the filing of a motion by the governmental unit*." Tex. Bus. & Com. Code § 101.106(e) (emphasis added).  Before the filing of a motion by the governmental unit *and* an order effectuating the dismissal by the Court, a plaintiff is not precluded from nonsuiting TTCA claims.  *See Univ. of Tex. Health Sci. Ctr. v. Rios*, 542 S.W.3d 530, 537 (Tex. 2017); *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 416 (Tex. 2015).

Section 101.106(e) appears to be the applicable provision, not section 101.106(f).  The City of Uvalde, however, did not file a motion to dismiss the Officer Defendants before the Plaintiffs filed their motion for voluntary dismissal.  Although the Plaintiffs' notice of voluntary dismissal of the City of Uvalde *may* have changed the procedural landscape under the TTCA, the Court cannot conclude that the Plaintiffs filed the motion for voluntarily dismissal to avoid an imminent dismissal of the Officer Defendants.

## C. Anderson's Motion for Voluntary Dismissal (ECF No. 31)

Anderson's motion to dismiss is now moot.  When Williams filed his motion to dismiss, he was still an attorney of record for *all* the Plaintiffs.  Because Williams's motion was filed first, Anderson's motion is redundant and must be denied as moot.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1) Williams's motion for voluntary dismissal is **GRANTED.**  (ECF No. 24.)

(2) Anderson's motion for voluntary dismissal is **DENIED AS MOOT**.  (ECF No. 31.)

(3) All of the Plaintiffs' claims against all the Defendants are **DISMISSED WITHOUT PREJUDICE**, with the parties bearing their own costs and attorney's fees.

(4) The Clerk of Court shall enter a clerk's judgment, terminating the present cause of action and any additional pending motions.


SIGNED and ENTERED on this 27th day of March 2024.

ALIA MOSES
Chief United States District Judge